NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

TRANSDEV SERVICES INC, *Petitioner Employer*,

OLD REPUBLIC INSURANCE, *Petitioner Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

MARTIN NIVENS, *Respondent Employee*.

No. 1 CA-IC 22-0016
FILED 12-20-2022

---

Special Action - Industrial Commission
ICA Claim No. 20201700105
Carrier Claim No. 302050639820-00104
The Honorable J. Matthew Powell, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Ritsema & Lyon PC, Tempe
By Danielle S. Vukonich
*Counsel for Petitioner Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

---

**B A I L E Y**, Judge:

¶1        In this workers' compensation case, an Industrial Commission of Arizona ("ICA") administrative law judge ("ALJ") concluded the closure of Martin Nivens' claim was unjustified and, instead, Nivens was entitled to temporary compensation and medical benefits. Nivens' employer, Transdev Services, Inc., and its carrier, Old Republic Insurance (collectively "Old Republic"), filed this action arguing the evidence does not support the award.  We affirm the award.

## FACTS AND PROCEDURAL HISTORY

¶2        On April 21, 2020, Nivens was driving a city bus when two cars collided, sending one of the cars careening into the left front of the bus, right by where Nivens was sitting in the driver's seat.  Nivens does not recall details of what happened during the crash and does not know whether he hit his head because of it.  Witnesses say Nivens was hunched over after the accident, complaining about his back hurting.  He was taken to a nearby hospital, treated for lower back pain, and sent home.  Shortly after that, Dr. Kareem Shaarway treated him for concussion ("mild traumatic brain injury").  Evidence at the crash scene showed Nivens might have hit his head on the side window during the crash, but Nivens could not remember, and the physical evidence is inconclusive.

¶3        Nivens filed a timely workers' compensation claim in June 2020.  The ICA Claims Department notified Old Republic, but Old Republic did not issue a Notice of Claim Status ("NCS") accepting or denying the claim within 21 days as required by A.R.S. § 23-1061(M).  The ICA then sent a written warning to Old Republic stating it could be found to be acting in bad faith if it did not issue an NCS in August 2020.  Old Republic, however, did not provide an NCS in response.  In September 2020, Nivens requested a hearing pursuant to A.R.S. § 23-1061(J), which was set for December 22, 2020.  Finally, on December 22, 2020, Old Republic filed an NCS accepting the claim but purporting to close it as of June 30, 2020, with no temporary

or permanent disability. The ALJ proceeded with the hearing to protest the closure rather than the failure to issue an NCS.

¶4 The ALJ heard testimony from Nivens and two co-workers who investigated the accident. He also heard testimony from Dr. Shaarway, Dr. James Maxwell, and Dr. Michael Powers. Dr. Shaarway, a family practitioner specializing in sports medicine, diagnosed a concussion based on his physical examination of Nivens on May 6, 2020, more than two weeks after the crash. Dr. Shaarway prescribed physical therapy, speech therapy, and a neuropsychological evaluation. He testified he understood the mechanism of injury to be a "whiplash" incident. A year and a half after the accident, Dr. Shaarway testified that Nivens had improved but still experienced crash-related symptoms "from time to time."

¶5 Dr. Maxwell and Dr. Powers conducted separate independent medical examinations ("IMEs") of Nivens. Dr. Maxwell, an orthopedic surgeon, reviewed medical records and examined Nivens on June 30, 2020. He concluded Nivens suffered only a "lumbar sprain-strain" that had reached maximum medical improvement with no permanent impairment. He admitted a concussion was a "possibility," but that only a neurologist could provide such a diagnosis.

¶6 Dr. Powers, a neurologist, also reviewed records and examined Nivens in July 2021. From the documents he reviewed, Dr. Powers concluded Nivens did not lose consciousness and did not hit his head. He found no evidence of a traumatic brain injury. He criticized Dr. Shaarway's diagnosis, stating it was based on a misinterpretation of the results of the tests he performed. Dr. Powers also concluded the crash could not have caused any severe whiplash effect because Nivens was in a large bus involved in a low-impact accident and did not immediately complain of neck pain. Upon questioning, however, Dr. Powers admitted that if one accepted that Nivens had lost awareness of what happened during the crash, he might have had a mild concussion.

¶7 Based on the testimony and medical records, the ALJ found Dr. Shaarway's opinions carried greater weight than the two opposing experts. The award, thus, concludes Nivens suffered a concussion and lower back injury and is entitled to temporary benefits per Dr. Shaarway's recommendations. Old Republic requested administrative review, arguing the ALJ did not weigh the evidence properly. On review, the ALJ affirmed the award. This timely special action appeal followed.

**¶8**        We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(2), 23-951(A), and Rule 10, Ariz. R. P. Spec. Act.

## DISCUSSION

**¶9**        In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). Viewing the evidence in the light most favorable to sustaining an award, we will affirm the decision unless there is no reasonable basis for it. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002); *Hoffman v. Brophy*, 61 Ariz. 307, 312 (1944) (court will uphold an award "if there is any competent evidence in the record to sustain [it]"). We will not disturb an award based on conflicting medical testimony unless there is no reasonable basis for the decision. *Smiles v. Indus. Comm'n*, 2 Ariz. App. 167, 168 (1965).

**¶10**       Here, Old Republic simply asks us to reweigh evidence in its favor, which we cannot do where competent evidence supports the ALJ's conclusion. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 608, ¶ 21 (App. 2000). The ALJ was in the best position to weigh the evidence and assess the credibility of the witnesses and we defer to its findings. *See id* at 609, ¶ 25.

**¶11**       Old Republic also argues the ALJ abused its discretion in deciding in favor of Nivens, suggesting the ALJ was "punishing" Old Republic for its violation of A.R.S. § 23-1061(M). Old Republic, however, cites no record support for the argument, and we have no reason to address it because competent evidence in the record supports the ALJ's conclusion. *See Salt River Project v. Indus. Comm'n*, 126 Ariz. 196, 200 (App. 1980).

## CONCLUSION

**¶12**       We affirm the award.



AMY M. WOOD • Clerk of the Court
FILED:   AA